# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLYN BENJAMIN MOLINA, : | |
|     Petitioner : | |
| : | No. 1:17-cr-72 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

## MEMORANDUM

Before the Court is Petitioner Franklyn Benjamin Molina ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 153.) For the reasons that follow, the Court will dismiss Petitioner's motion.

## I.     BACKGROUND

On May 11, 2016, a grand jury returned a superseding indictment charging Petitioner with two counts of receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) & (b)(1), and one count of conspiracy to publish a notice or advertisement seeking child pornography in violation of 18 U.S.C. § 2251(d) and (e). See United States v. Molina, No. 1:16-cr-82 (M.D. Pa.) (Doc. No. 143). On February 28, 2017, the Government filed an information charging Petitioner with receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). See United States v. Molina, No. 1:17-cr-72 (M.D. Pa.) (Doc. No. 1.) John A. Abom ("Attorney Abom") represented Petitioner in these matters, and Petitioner entered into plea negotiations that resulted in a plea agreement. The agreement called for Petitioner to plead guilty to Count Thirteen of the indictment, charging him with conspiracy to publish a notice or advertisement seeking child pornography, as well as the one-count information charging him with receipt and distribution of child pornography. (Doc. No. 2 ¶¶ 1-

2.)¹  In the plea agreement, Petitioner acknowledged that he understood that the "Government [would] seek and the [C]ourt may impose an order of restitution as to victims of [his] relevant conduct." (Id. ¶ 20.)  Petitioner further agreed "to pay minimum restitution[, jointly and severally with any other co-defendants also ordered to pay restitution,] in the amount of $50,000 per identified victim of the defendant's offense conduct, in accordance with a schedule to be determined by the [C]ourt." (Id. ¶ 21.)

On March 24, 2017, Petitioner appeared before Magistrate Judge Schwab for a change of plea hearing. (Doc. No. 11.)  Magistrate Judge Schwab concluded that Petitioner was fully competent to enter an informed plea, understood the consequences of his plea, that he was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Id.)  On that date, Magistrate Judge Schwab recommended that this Court accept Petitioner's guilty plea. (Id.)  On May 23, 2017, this Court accepted Petitioner's guilty plea. (Doc. No. 13.)

The parties appeared before the Court for Petitioner's sentencing on September 20, 2017. (Doc. No. 23.)  The Court noted that Petitioner's offense level was thirty-four (34) and he fell within criminal history category two (2), resulting in a Sentencing Guidelines range of 180 to 210 months' imprisonment. (Id. at 2.)  Ultimately, the Court sentenced Petitioner to 195 months' incarceration on each count, to run concurrently. (Id. at 9; Doc. No. 21.)  The Court also ordered Petitioner to make restitution in the amount of $40,000.00. (Doc. No. 23 at 9.)  Petitioner did not appeal.

---

¹ From henceforth, all docket entry citations are to entries made in the action docketed at 1:17-cr-72.

2

On September 24, 2018, Petitioner, acting pro se, filed a motion seeking an extension of time to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 24.) In an Order dated November 9, 2018, the Court granted his motion and directed him to file his § 2255 motion on or before January 15, 2019. (Doc. No. 27.) On December 10, 2018, Petitioner filed a motion for an extension of time to secure transcripts. (Doc. No. 30.) On January 15, 2019, Petitioner filed his § 2255 motion, alleging that counsel rendered ineffective assistance by failing to inform Petitioner that he could challenge the amount of restitution at sentencing, that the Government failed to show that his mere possession of the child pornography harmed the victims to whom restitution was awarded, and that the restitution amount is excessive and Petitioner is unable to pay it. (Doc. No. 31.) As relief, Petitioner seeks either dismissal or reduction of the imposed restitution. (Id. at 6, 9.) On August 6, 2019, the Court directed the Government to file a response to Petitioner's § 2255 motion. (Doc. No. 33.) The Government filed its response on August 23, 2019. (Doc. No. 37.) Petitioner has filed neither a reply brief nor an extension of time to do so. Accordingly, because the time period for filing a reply brief has expired, Petitioner's § 2255 motion is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing

3

United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. See 28 U.S.C. § 2244.

## III. DISCUSSION

### A. Petitioner's Challenges to the Restitution Imposed

As noted above, Petitioner raises three (3) claims in his § 2255 motion challenging the $40,000.00 in restitution he was directed to pay. (Doc. No. 31.) Section 2255 provides that that a prisoner "in custody under a sentence of a court established by Act of Congress" may file a § 2255 motion on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). The United States Court of Appeals for the Third Circuit has concluded, however, "that the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes." See United States v. Ross, 801 F.3d 374, 380 (3d Cir. 2015) (collecting cases); see also Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (noting that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes"). Accordingly, "a restitution order cannot be challenged in a § 2255 motion, either directly or indirectly through a claim of ineffective assistance of counsel." See United States v. Tonagbanua, 706 F. App'x 744, 746 (3d Cir. 2017). Here, Petitioner is challenging only the restitution order, as evidenced by his request that the restitution order either

be dismissed or reduced. Consequently, Petitioner is not challenging his custody, and his claims are, therefore, not cognizable under § 2255.

B. **Evidentiary Hearing**

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

C. **Certificate of Appealability**

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

5

reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, the Court will not issue a COA.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion (Doc. No. 31) because his claims for relief are not cognizable under 28 U.S.C. § 2255.  Accordingly, the Court will not conduct an evidentiary hearing and will not issue a COA.  Petitioner's motion for an extension of time to obtain transcripts (Doc. No. 30) will be denied as moot.  An appropriate Order follows.